**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

|  |  |  |
|---|---|---|
| Marcus A. Blair, | ) | Civil Action No.: 5:20-cv-02090-JMC |
|  | ) |  |
| Plaintiff, | ) | **ORDER** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Officer Sims, Lt. Figrow, Major Ocean, | ) |  |
| and Cpt. Martin, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

Plaintiff Marcus A. Blair proceeding *pro se* and *in forma pauperis*,[1] filed this civil rights

action against Defendants Officer Sims, Lt. Figrow, Major Ocean, and Cpt. Martin (collectively,

"Defendants") pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff seeks $9,600.00 in monetary

damages for pain suffered and medical treatments required as a result of Defendants' alleged use

of excessive force.  (*Id.* at 5, 8.)

This matter is before the court on Defendants' Motion for Summary Judgment pursuant to

Federal Rule of Civil Procedure 56.  (ECF No. 44.)  In accordance with 28 U.S.C. § 636(b) and

Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge

for pretrial handling.  On April 21, 2021, the Magistrate Judge issued a Report and

Recommendation (ECF No. 55) recommending that the court dismiss Plaintiff's action against

---

[1]"Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held
to a less stringent standard than attorneys' formal pleadings."  *Simpson v. Florence Cty. Complex
Solicitor's Office*, No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019)
(citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curium*)).  "This, however, 'does not
transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's
claims if there is clearly no factual basis supporting them."  *Id.* (quoting *Weller v. Dep't of Soc.
Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Defendants with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 2.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** the action against Defendants.

## I.     BACKGROUND

On June 3, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint alleging use of excessive force during events taking place on May 20, 2020, and in violation of 42 U.S.C. § 1983. (ECF No. 1 at 5.) Plaintiff avers that he was "gassed" by Defendant Officer Sims ("Sims") in the presence of Defendant Lt. Figrow and Inmate-Eye-Witness John Glenn ("Glenn") while down on his knees, hands resting on the back of his head, as corroborated by Glenn. (*Id.* at 5-6.) Furthermore, Plaintiff alleges that Sims' excessive force was in retaliation for Plaintiff's delay in returning to his cell while requesting to speak with a facility administrator regarding his observation of an unsanitary food handling practice by Sims. (*Id.* at 5.) Additionally, Plaintiff alleges that on May 21, 2020, while filling out his form Complaint regarding the incident the previous day (ECF No. 1), Sims withheld his food tray as additional retaliation; writing by hand *in praesenti*, "I [] fear for my life [that] she will do something to my food or[] lie and say that I did something to her." (*Id.*)

On January 13, 2021, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 requesting judgment in their favor as a result of Plaintiff's failure to follow South Carolina Department of Corrections' Grievance Policy, GA-01.12, as a prerequisite to filing a complaint with the court under 42 U.S.C. § 1983. (ECF No. 44 at 3.) Specifically, Defendants argue that Plaintiff's procedural misstep was initiating "Step 1" of the grievance process per GA-01.12 without first attempting to resolve the dispute "informally." (*Id.* at 4.)

On January 15, 2021, Plaintiff was sent a *Roseboro* Order notifying him of the nature of and the deadline for filing a response to Defendants' Motion for Summary Judgment. (ECF No. 45.) Despite receiving a deadline extension as requested,[2] Plaintiff failed to respond to Defendants' Motion and a subsequent court order notifying him that a lack of response would result in the dismissal of his claim with prejudice. (ECF Nos. 49, 52.) Accordingly, on April 21, 2021, the Magistrate Judge entered a Report and Recommendation recommending the dismissal with prejudice of Plaintiff's claim under Rule 41(b) for failure to prosecute. (ECF No. 55.)

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[2]In his request for an extension of time (ECF No. 48) which the Magistrate Judge granted (ECF No. 49), Plaintiff states that he was late in receiving "legal mail" because his dorm was under lockdown due to COVID-19 and he needed more time to prepare a response to Defendants' Motion for Summary Judgment. (ECF No. 48.) The court observes, this hand-written request for more time was the last entry into the record from Plaintiff.

## III.    ANALYSIS

### A.    The Magistrate Judge's Report

In the Report, the Magistrate Judge referenced factors relevant to the court's consideration of a dismissal under Rule 41(b).   (*See* ECF No. 55 at 2 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)) (noting that a court deciding whether to dismiss a case under Rule 41(b) must balance the policy of deciding cases on their merits against sound judicial administration).)   Accordingly, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendants from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.   *Davis*, 588 F.2d at 70.   After considering the *Davis* factors, the Magistrate Judge recommended that the court dismiss the action against Defendants with prejudice for failure to prosecute pursuant to Rule 41(b).  (ECF No. 55 at 2.)

### B.    The Court's Review

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation.  *See Camby*, 718 F.2d at 199. Moreover, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond*, 416 F.3d at 315 (quoting an advisory committee note on Fed. R. Civ. P. 72).  Failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of a district court based upon such recommendation.   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error.  Therefore, the court **ACCEPTS** the Magistrate Judge's Report and

Recommendation (ECF No. 55) and **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) against Defendants in this action pursuant to Rule 41(b).  Accordingly, the court **DENIES AS MOOT** Defendants' Motion for Summary Judgment.  (ECF No. 44.)

      **IT IS SO ORDERED**

*J. Michelle Childs*

United States District Judge

July 26, 2021
Columbia, South Carolina